**FEDERAL MARITIME COMMISSION,**
Petitioner,

v.

**TRANSOCEANIC TERMINAL CORP.,**
et al., Respondents.

**No. 66 C 91.**

United States District Court
N. D. Illinois, E. D.
April 18, 1966.

H. B. Mutter, Acting Sol., Federal Maritime Commission, Washington, D. C., for petitioner.

P. Phillips Connor, Pendleton, Neuman, Seibold & Williams, Chicago, Ill., Alan D. Hutchison, Sharp, Solter & Hutchison, Washington, D. C., for applicants in intervention.

Joseph E. Wyse, Abraham A. Diamond, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for respondents.

WILL, District Judge.

Petitioner, the Federal Maritime Commission, seeks aid of this court pursuant to § 29 of the Shipping Act of 1916, 46 U.S.C. § 828, to "enforce obedience" to subpoenas duces tecum issued by a Commission hearing examiner. Respondents have moved to quash the subpoenas and to vacate our order to show cause why compliance therewith should not be ordered.

As an independent regulatory agency the Commission has, *inter alia*, the responsibility to investigate alleged violations of the Shipping Act, § 27 of the Act, 46 U.S.C. § 826. Pursuant to § 22 of the Act, 46 U.S.C. § 821, Crown Steel Sales, Inc., et al., filed a complaint with the Commission against the respondents herein alleging violations of §§ 15, 16 First, 17 and 18 of the Act, 46 U.S.C. §§ 814, 815, 816 and 817(b), as amended. The complaint challenges the legality of truck loading charges imposed at the request of various steamship conferences which allegedly discriminate against certain commodities.

Complainants thereafter filed applications for subpoenas seeking production of documents. The hearing examiner found the documents *prima facie* relevant and material to a determination of the issues, and pursuant to § 27 issued the subpoenas. Respondents have failed to comply. The Commission, claiming that non-compliance will adversely effect its responsibilities under the Act, has brought the instant petition.

Jurisdiction of this court is based on §§ 27 and 29 of the Act. § 27, in addition to authorizing issuance of subpoenas, provides that obedience to any such subpoena "shall, on application by the Board [Commission], be enforced as are orders of the Board [Commission] other than for the payment of money." § 29 provides that:

In case of violation of any order of the Federal Maritime Board, [Commis-

sion] other than an order for the payment of money, the Board, [Commission] or any party injured by such violation, or the Attorney General, may apply to a district court having jurisdiction of the parties; and if, after hearing, the court determines that the order was regularly made and duly issued, it shall enforce obedience thereto by a writ of injunction or other proper process, mandatory or otherwise.

Opposition by respondents is not to the court's jurisdiction in this case but to the procedure employed by the court, namely, the equitable nature of the rule to show cause and the hearing on the rule. Respondents further contend that the Commission is acting beyond the scope of its subpoena power here and therefore the subpoenas were not regularly made and duly issued by the Commission. Finally, respondents argue that disclosure of the materials sought would be highly prejudicial to their overall business operations.

■ That this court can order compliance with subpoenas of the Commission is evident from the language of § 29. The specific reference to injunctive relief plus the words "or other proper process" indicates that Congress has empowered federal district courts to fashion their enforcement proceedings to the nature of the specific order for which enforcement is sought. The import of § 29 and its relevance to the instant case is that where compliance is sought with orders for the production of documents deemed to be important to an investigation by the Commission, the interests of justice and the purposes of the Shipping Act are best served by the issuance of a rule to show cause followed by hearing and disposition. Enforcement proceedings for other Commission orders, and possibly in a special case even subpoena enforce-

ment, perhaps should proceed in a different manner. This case, however, with its somewhat emergency nature because of the impending opening of the inland shipping season on the Great Lakes, ought to proceed before the Commission as expeditiously as possible.

■ Yet respondents urge that § 31 of the Act, 46 U.S.C. § 830,[1] requires the conclusion that the Commission must proceed by complaint and answer in all enforcement cases thus opening up the panoply of time consuming procedures which are a necessary part of most litigation.

The novel argument advanced by respondents is essentially as follows: § 31 states that procedure in suits brought to enforce Commission orders shall be the same as in similar suits brought to enforce orders of the Interstate Commerce Commission; and suits brought in district courts to enforce I.C.C. subpoenas are subject to the Federal Rules of Civil Procedure by virtue of Rule 81(a) (3).

49 U.S.C. § 12(2), the section of the Interstate Commerce laws comparable to section 27 of the Shipping Act providing for the issuance of subpoenas, states " * * * the Commission, may invoke the aid of any court of the United States in requiring the * * * production of books, papers, and documents under the provisions of this section." 49 U.S.C. § 16(12) entitled "Proceedings to enforce orders other than for payment of money" reads in relevant part as follows:

If, after hearing, such court determines that the order was regularly made and duly served, and that the carrier is in disobedience of the same, such court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such carrier, its officers, agents, or representatives, from further disobedience of such

---

1. § 31 reads as follows: "The venue and procedure in the courts of the United States in suits brought to enforce, suspend, or set aside, in whole or in part, any order of the Federal Maritime Board shall, except as otherwise provided, be the same as in similar suits in regard to orders of the Interstate Commerce Commission, but such suits may also be maintained in any district court having jurisdiction of the parties."

order, or to enjoin upon it or them obedience to the same.

Neither of the two quoted provisions of the I.C.C. laws indicate that subpoena enforcement must proceed by complaint and answer. In fact, § 16(12) specifically provides for injunctive relief, an equitable proceeding which need not utilize the complaint and answer process. Nor can support for respondents' position be found in Rule 81(a) (3) of the Federal Rules which in part reads:

These rules apply (1) to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court *or by order of the court in the proceedings* * *. (Emphasis supplied.)

Rule 81(a) (3) does not command that there be a complaint and answer in all civil actions. Were Rule 81 to require the lengthy complaint and answer procedure, the federal courts would be unable effectively to adjudicate emergency injunctive petitions. It is for that reason that Rule 81 contains the two exceptions allowing procedure to be governed by other statutory provisions or by court order in the proceedings. As noted above, both the I.C.C. Act and the Shipping Act provide that subpoena enforcement may be by writ of injunction. Moreover, the court is specifically permitted to utilize other procedures under Rule 81. That a district could proceed by order to show cause in a case of enforcement of subpoenas issued by the Maritime Commission was assumed in Federal Maritime Commission v. Caragher, 243 F.Supp. 136, 137 (S.D.N.Y., 1965).

The subpoena powers given the Commission by Congress are vital to the investigatory responsibilities prescribed by the Shipping Act. Frustration of this power is unnecessary and unwarranted, and the procedure employed in this case is the sensible way to deal with a problem of some urgency. The motion to vacate the rule will be denied.

■ Respondents have also raised two interwoven questions relating to the one remaining duty of the court, i. e., to determine, pursuant to § 29 of the Act, whether the subpoenas were "regularly made and duly issued." They first contend that the subpoenas were issued in connection with a rate disapproval proceeding under § 18(b) (5) of the Act, 46 U.S.C. § 817(b) (5), as amended, 1961,[2] and therefore under Caragher, supra, the subpoenas are unenforceable. Caragher held that the language of § 27—"For the purpose of investigating alleged violations of this chapter * *"—precludes the issuance of subpoenas compelling the production of materials in connection with proceedings under § 18(b) (5). The court, however, did order enforcement with respect to certain materials. At page 139 the court said, "Items 1 and 2 appear to be relevant to the investigation into possible violations of sections 14, 16, 17 and 18(b) (3) of the Act." The other items for which subpoenas were issued were held to relate to § 18(b) (5) proceedings and enforcement of those subpoenas was denied.

Examination of the complaint before the Commission in the instant case establishes that the allegations relate to possible violations of specified sections of the Shipping Act rather than § 18(b) (5) rate proceedings.[3] We are satisfied that the Commission is conducting, pur-

2. § 18(b) (5) reads as follows: "The Commission shall disapprove any rate or charge filed by a common carrier by water in the foreign commerce of the United States or conference of carriers which, after hearing, it finds to be so unreasonably high or low as to be detrimental to the commerce of the United States."

3. Section III of the complaint contains the following (summarized herein) allega-

tions: (A) discriminatory charges imposed by respondents in violation of § 17 and other unfair charges which violate §§ 15 and 16 First; (B) a charge imposed in violation of the notice provisions of § 18(b) (2) ; (C) the same charge referred to in (B) also violates § 15 requiring the filing of certain agreements; (D) imposing charges before their effective dates in violation of §§ 15 and 18.

suant to a complaint, an investigation of alleged violations of the Act, and that the materials sought are *prima facie* relevant to that investigation.

Yet respondents claim that even if disapproval of rates under § 18(b) (5) is not involved in the strict sense, the Commission is adjudicating questions of rate rather than investigating alleged violations.

Any adjudication made by the Commission or any other administrative agency or court depends upon an investigation. For example, in order for the court to adjudicate the question of enforcement in this case it must conduct a legal and factual investigation to determine whether the subpoenas were regularly made and duly issued. The Commission's procedure, when a complaint is filed, must also begin with an investigation and conclude with a determination, i. e., adjudication, that the Shipping Act was or was not violated as stated in the complaint.

The distinction drawn by respondents, if valid, would severely constrict the investigatory powers and responsibilities of the Commission. We do not, however, find any basis in the language of the Act which supports the interpretation that the Commission's subpoena powers with respect to investigations of alleged violations are invalid where the Commission will eventually adjudicate those claims under investigation. Such a distinction makes no sense in light of the rule that administrative determinations must be supported by substantial evidence in the record as a whole. A recent court decision reversing the Federal Power Commission holds that the agency failed to conduct a complete investigation, and thus had not adequately developed the record to support the position taken. Scenic Hudson Preservation Conference v. Federal Power Commission, 354 F.2d 608 (2 Cir. 1965). If our regulatory administrative agencies are adequately to perform their functions in the public interest, their subpoena power must not be limited where Congress has evidenced no

such intention. We hold that the subpoenas in question were regularly made and duly issued by the Commission's Hearing Examiner.

Lastly, respondents have objected to producing the documents on the ground that their business interests will be endangered by production. We have been assured that under the Commission rules, the respondents may request *in camera* treatment of the materials by the hearing examiner as well as any protective order which may be necessary to prevent disclosure by any of the parties. The examiner has made a preliminary determination that the documents are material and relevant. If, after an *in camera* examination, respondents wish to argue before him that the documents are not relevant and material, they may do so at that time. Under these circumstances, we are confident that respondents' interests will be adequately protected by the Commission.

An appropriate order will enter requiring the respondents to produce the documents and materials sought pursuant to the subpoenas issued by the Federal Maritime Commission in conjunction with its investigation into complaint number 65–12. Respondents' motions to quash the subpoenas will be denied.