**UNITED STATES of America,
Petitioner,**

v.

**ASSOCIATED MERCHANDISING CORPORATION, Aimcee Wholesale Corporation, and Federated Department Stores, Inc., Respondents.**

**No. 66 Civ. 1156.**

United States District Court
S. D. New York.
July 13, 1966.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for petitioner, Lawrence W. Schilling, Asst. U. S. Atty., Harold D. Rhynedance, Jr., Atty., Federal Trade Commission, of counsel.

Weil, Gotshall & Manges, New York City, for respondents Associated Merchandising Corp. and Aimcee Wholesale Corp., Ira Millstein, Irving Scher, New York City, of counsel.

Arnold & Porter, Washington, D. C., for respondent, Federated Department Stores, Inc., Norman Diamond, Murray Bring, New York City, of counsel.

OPINION

McLEAN, District Judge.

On August 12, 1965, a Hearing Examiner of the Federal Trade Commission issued an order directing respondents to produce certain documents by way of pre-trial discovery in a pending Federal Trade Commission proceeding charging

respondents with violation of the Robinson-Patman Act (15 U.S.C. § 13). Respondents refused to comply with the order. Thereafter, by order dated January 19, 1966, the Commission decided to request the Attorney General to "initiate civil enforcement proceedings under Section 9 of the Federal Trade Commission Act against the aforesaid respondents to require compliance with the hearing examiner's order of August 12, 1965." Such a request was made and pursuant to it the United States Attorney moved this court, by order to show cause and supporting affidavit, for an order directing respondents to comply.

Respondents now move under Rule 12 (b) (the particular subdivision of Rule 12(b) is not specified), for an order "dismissing petitioner's application." Respondents contend that this court is without jurisdiction to entertain the application in this summary fashion, and that the government must proceed by plenary action in order to obtain this relief.

Section 9 of the Federal Trade Commission Act (15 U.S.C. § 49) provides, among other things, as follows:

> "Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of sections 41–46 and 47–58 of this title or any order of the commission made in pursuance thereof."

The reference to "the provisions of sections 41–46 and 47–58 of this title" in this statute includes another portion of Section 49 which empowers the Commission to require the production of documentary evidence. By regulations made pursuant to power granted by 15 U.S.C. § 46(g), the Commission has adopted rules of practice which include a Rule 3.11, similar to Federal Rule of Civil Procedure 34, providing for the production and inspection of documents before trial.

15 U.S.C. § 49 says that the district courts shall have jurisdiction to issue writs of mandamus. This section was enacted in 1914. Since then, writs of mandamus have been abolished. Federal Rule of Civil Procedure 81(b) provides that:

> "Relief heretofore available by mandamus * * * may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."

This provision is not helpful in resolving the present problem, for the precise question here is whether, in order to obtain the relief which Congress has said shall be obtainable by a "writ of mandamus," the government must proceed by action or motion. Rule 81(b) seems to provide for both an action and a motion, providing that they are "appropriate." I am called upon to determine whether a motion is appropriate under these circumstances.

In support of their contention that the government must proceed by plenary action, respondents rely most heavily upon a footnote in United States v. Powell, 379 U.S. 48, 58 note 18, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). That was a proceeding to enforce an Internal Revenue summons requiring respondent to produce records. The Court treated the application as though it were made under 26 U.S.C. § 7402(b) and 26 U.S.C. § 7604(a), which are virtually identical. Section 7604(a) provides:

> "(a) Jurisdiction of district court. —If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."

The Court's opinion was devoted to the merits of the case before it, which are of no relevance here. However, in

the footnote on p. 58, 85 S.Ct. on p. 255, the Court said:

"Because § 7604(a) contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply, Martin v. Chandis Securities Co., [9 Cir.,] 128 F.2d 731. The proceedings are instituted by filing a complaint, followed by answer and hearing."

Martin v. Chandis Securities Co., 128 F.2d 731 (9th Cir. 1942), which the Supreme Court cited, did say that the Federal Rules of Civil Procedure apply to a proceeding to enforce an Internal Revenue summons. The only consequence of this ruling in that case, however, was that the court said that it would treat plaintiff's "petition" as a "complaint."

Since United States v. Powell, the First Circuit has held that it is still proper to enforce an Internal Revenue summons by petition and order to show cause, as long as the respondent has adequate opportunity to be heard. McGarry's, Inc. v. Rose, 344 F.2d 416 (1st Cir. 1965).

The court there said (p. 418):

"The record in the instant case shows that appellants were served with orders to show cause and petitions to enforce summonses, each of which fully apprized them of the nature of the relief sought by appellee. In the two-month interval between the issuing of the show cause order and the actual hearing thereon, appellants and their counsel had ample time to evaluate and study the petitions and show cause orders, and to file both short and lengthy motions to dismiss, as well as an answer, all of which put in issue before the district court the contrary positions of the parties on this matter. A reading of the opinion in United States v. Powell, supra, leaves no doubt that the thrust thereof is to insure that a taxpayer obtain an adversary-type hearing in the district court prior to his being forced to comply with an administrative summons which he challenges in good faith. That the procedure followed in the instant case fully complies with the essential requirements of the Powell decision appears so clearly from the record herein as to preclude any need for further discussion of appellants' contentions with reference thereto."

This decision was followed by the Fifth Circuit in Dunn v. Ross, 356 F.2d 664 (5th Cir. 1966), which also involved an Internal Revenue summons.

It has been the practice for years to enforce Internal Revenue summonses and administrative subpoenas by summary proceedings initiated by petition and motion or order to show cause. The First and Fifth Circuits seem to have concluded that the Supreme Court could not have intended to abolish this long standing practice at one fell swoop by two sentences in a footnote.

To date, as far as I can discover, the Second Circuit has not spoken on the subject. In Freeman v. Brown Bros. Harriman & Co., 357 F.2d 741 (2d Cir. 1966) the court affirmed, per curiam, an order of Judge Bryan which granted a motion to enforce a subpoena duces tecum of the Secretary of Agriculture under a statute which specifically adopts the procedure of 15 U.S.C. § 49 (Freeman v. Brown Bros. Harriman & Co., 250 F.Supp. 32 (S.D.N.Y.1966). Judge Bonsal has recently granted a motion to enforce a subpoena duces tecum of the Federal Trade Commission under another provision of Section 49. Federal Trade Commission v. Green, 252 F.Supp. 153 (S.D.N.Y.1966). As far as appears, the contention made by the respondents here was not raised in either case.

In any event, the rule, whatever it may be, which henceforth is to apply to Internal Revenue summonses in view of the Powell footnote, is not, in my opinion, decisive of the present question. The Supreme Court's remark in Powell was premised on the fact that the Internal

Revenue Code does not specify the procedure to be followed. It says merely that the court shall have jurisdiction "by appropriate process" to compel production. 15 U.S.C. § 49, on the contrary, does specify the procedure. It confers jurisdiction upon the court to proceed by a writ of mandamus.

At common law, a mandamus proceeding was a summary proceeding. A writ of mandamus issued in a proceeding instituted by motion or by a petition and order to show cause, not after a plenary trial. 2 Bouvier, Law Dictionary 2079 (8th ed. 1914); 55 C.J.S. Mandamus § 306 (1948).

■ As a general rule, district courts do not issue directions in the nature of mandamus except in aid of jurisdiction already acquired. This rule derives, not from the nature of the writ itself, but from decisions which hold that Congress had, in Section 24 of the Judicial Code, "withheld power to entertain mandamus proceedings." Rosen v. Alleghany Corp., 133 F.Supp. 858, 865 (S.D.N.Y.1955). See Bath County v. Amy, 80 U.S. (13 Wall.) 244, 20 L.Ed. 539 (1872); M'Intire v. Wood, 11 U.S. (7 Cranch) 504, 3 L.Ed. 420 (1813).

However, where the Court was able to discover congressional authorization for use of a writ of mandamus, it approved the issuance upon a petition of a peremptory writ. Kendall v. United States ex rel. Stokes, 37 U.S. (12 Pet.) 524, 9 L.Ed. 1181 (1838).

■ By Section 49, Congress has expressly conferred jurisdiction to issue a writ of mandamus. Therefore, it seems clear that Congress has expressly authorized the court to proceed summarily to enforce orders of the Federal Trade Commission for the production of documents.

Such a construction of the statute comports with its manifest purpose, to secure the aid of a court in requiring prompt compliance, in a proper case, with an administrative order. To compel the government to proceed by plenary suit would inevitably involve substantial delay. Respondents frankly state that if their motion is granted, they desire to engage in extensive discovery proceedings prior to trial. They say that they will wish to examine members of the Federal Trade Commission and is staff and inquire into the circumstances under which the Commission adopted its rules and regulations, et cetera. I cannot believe that Congress contemplated, when it provided for the issuance of mandamus, that respondents would be entitled as a matter of right to such protracted discovery.

Decisions under other statutes are of only collateral interest, since the question depends so largely upon the language of the particular statute in question. I may note, however, that in a recent decision, Federal Maritime Commission v. Transoceanic Terminal Corp., 252 F.Supp. 743 (N.D.Ill., E.D.1966), the court held that the Maritime Commission could proceed by order to show cause to enforce a subpoena duces tecum. The court overruled respondent's contention that the Commission must proceed by plenary suit.

I will set the government's application down for a hearing in open court on September 9, 1966, at 10:00 A.M. Not later than September 2, respondents shall serve and file their answer to the application and their affidavits in opposition to it. At the hearing, both sides, if they so desire, may offer testimony in support of their respective contentions on the merits.

The motion to dismiss the government's application is denied.

So ordered.