**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**Paul C. GUIGNON and John H. Pahlman,**
Defendants.

No. 66 C 236(1).

United States District Court
E. D. Missouri, E. D.

Oct. 28, 1966.

———◆———

James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Charles C. Moore, Jr., and Gerald J. Thain, Attys., Federal Trade Commission, Washington, D. C., and Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for petitioner.

Dwight D. Ingamells and Thomas J. Carroll, St. Louis, Mo., for respondents.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This matter is before the Court on two motions: First, the respondents, Paul C. Guignon, vice-president, Anheuser-Busch, Inc., and John H. Pahlman, controller, Anheuser-Busch, Inc., move to dismiss the application of petitioner, Federal Trade Commission, for an order requiring the respondents to testify and produce documentary evidence, and to vacate an Order to Show Cause; and, second, the petitioner moves the Court for a protective order to prevent the respondents from taking the depositions of two Federal Trade Commission attorneys, A. C. Schneeberger and J. W. Bollinger. The disposition of the respondents' motion may have some bearing upon the petitioner's motion. Therefore, both are treated here in one memorandum opinion.

In connection with an investigation of the yeast industry the petitioner, Federal Trade Commission (Hereinafter referred to as Commission), through its attorneys and employees, A. C. Schneeberger and J. W. Bollinger, is investigating the Anheuser-Busch Corporation.

On July 16, 1963, the Commission sent a questionnaire to Anheuser-Busch requesting certain information, documents, and access to company records.

On August 12, 1963, Anheuser-Busch answered most of the requests, but refused to answer one question dealing with the company's production costs and profits. In a letter dated April 8, 1964, Anheuser-Busch again refused to answer the question.

On July 1, 1964, the Commission passed a resolution (Petitioner's Exhibit 1) directing that all necessary subpoenas be issued to supply the Commission with relevant information which any corporation had refused to give for the investigation.

On July 20, 1964, the Commission served upon Paul C. Guignon subpoenas duces tecum and ad testificandum, seeking the information that Anheuser-Busch had refused to furnish.

On July 29, 1964, Anheuser-Busch and Guignon filed with the Commission a motion to quash the subpoena duces tecum and for other relief. In said motion it was also requested that the Commission enter an order allowing Anheuser-Busch to file with the Commission in camera an affidavit concerning the nature of its cost data and the adverse effects which such disclosure would have upon the company.

The motion to quash was based upon two grounds: (1) The information sought by the subpoena would reveal closely guarded trade secrets, disclosure of which would irreparably harm Anheuser-Busch and the Commission had failed to demonstrate the relevancy of the material requested to their investigation; and (2) Guignon would be deprived of his rights to proper representation by counsel when testifying under the Commission rules regarding investigational hearings.

On November 25, 1964, the Commission issued an order denying the motion to quash and the request to allow Anheuser-Busch to file with the Commission in camera an affidavit on the cost data.

On December 16, 1964, Anheuser-Busch and Guignon filed a complaint in this court (Meredith, Judge) seeking a declaratory judgment, preliminary injunction, and a permanent injunction to restrain the Commission from enforcing the subpoena. On June 10, 1965, Judge Meredith dismissed the complaint on the ground that Anheuser-Busch and Guignon had an adequate remedy at law, and that, therefore, the complaint was subject to dismissal for want of equity jurisdiction (See 242 F.Supp. 122). This decision was affirmed by the Eighth Circuit Court of Appeals at 359 F.2d 487 (January 6, 1966).

On April 14, 1965, the Commission passed a second resolution (Petitioner's Exhibit 1) directing the issuance of all necessary subpoenas to supply the Commission with relevant information which any corporation had refused in connection with the investigation.

On April 12, 1966, the Commission withdrew the subpoenas to Guignon, and on April 13, 1966, issued the subpoenas which are the subject of the present action, that is, subpoenas duces tecum and ad testificandum were issued to John H. Pahlman (respondent herein) and a subpoena ad testificandum was issued to Paul C. Guignon (respondent herein). The respondents produced everything demanded by the subpoenas except documents as to cost data, and again refused to supply cost data documents, or to testify for the same reasons that Guignon and Anheuser-Busch had refused on the earlier subpoena and questionnaire.

On April 26, 1966, the respondents Guignon and Pahlman moved the Commission to quash the subpoenas. On April 28, 1966, the Commission entered an order denying the motion.

On June 6, 1966, Guignon, Pahlman and Anheuser-Busch formally refused the information at a Commission hearing on the investigation.

Thereafter, on June 30, 1966, the Commission, without the aid or consent of the Attorney General, instituted a proceeding in this Court for the enforcement of the subpoenas. On the same day this Court issued an Order to Show Cause why the petitioner's application for enforcement of the subpoenas should not be granted. On July 28, 1966, the respondents filed the present motion to dismiss the Commission's application for enforcement and to vacate the Order to Show Cause.

On July 12, 1966, the attorneys for the Commission received a notice that the respondents intended to take the depositions of A. C. Schneeberger and J. W. Bollinger. On July 18, 1966, the Commission filed the present motion for protective order to prevent the respondents from taking these depositions.

There are no factual issues relevant to the present motions, there being three legal issues only. Two of these issues are in the respondents' motion to dismiss the petitioner's application for enforcement and to vacate the Order to Show Cause. First, can the Commission, acting on its own without the aid or consent of the Attorney General enforce its own subpoenas? Second, if the Commission can enforce its own subpoenas, can it do so by means of a summary proceeding as the Commission asks the Court to proceed here?

The third issue concerns the petitioner's motion for protective order. Can the respondent in a proceeding in the District Courts by the Federal Trade Com-

mission to enforce a Commission subpoena make use of the Federal Rules of Civil Procedure discovery devices (specifically, depositions of adverse parties) ?

As to the first issue, the respondents contend that Section 9 of the Federal Trade Commission Act does not give the Commission standing to enforce its own subpoenas in the District Courts without the aid or consent of the Attorney General. The petitioner contends that Section 9 specifically authorizes the Commission to begin enforcement proceedings of its subpoenas in the District Courts with or without the aid or consent of the Attorney General.

A discussion of the first issue must begin with the basic proposition that the Attorney General shall have supervision over all litigation to which the United States or any agency thereof is a party (28 U.S.C.A. § 507). This basic rule is subject to exception if an agency is *specifically* given the authority to proceed without the Attorney General. Case v. Bowles, 327 U.S. 92, 96, 66 S.Ct. 438, 90 L.Ed. 552.

The Court, therefore, sets forth Section 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49, in order to determine if it contains an exception to the above stated general rule by allowing the Commission to proceed in the District Courts for the enforcement of its subpoenas without the aid or consent of the Attorney General:

"49. For the purposes of sections 41–46 and 47–58 of this title the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence.

"Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in the case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

"Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of sections 41–46 and 47–58 of this title or any order of the commission made in pursuance thereof."

The respondents argue the case of Federal Trade Commission v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978, indicates that an action by the Commission to enforce the subpoenas involved must be brought through the Attorney General. In the *Claire* case the plaintiffs therein filed a bill in equity to enjoin the Commission from enforcing or attempting to enforce orders issued by the Commission against the plaintiffs' companies requiring them to furnish reports, cost of production, etc., on the ground that the Commission had exceeded its powers. The Supreme Court said that the District Court did not have

jurisdiction, and said (l.c. 173–174, 47 S.Ct. l.c. 556):

> "*There was nothing which the Commission could have done to secure enforcement of the challenged orders except to request the Attorney General to institute proceedings* for a mandamus or supply him with the necessary facts for an action to enforce the incurred forfeitures \* \* \*. (emphasis added)

> "It was intended by Congress in providing this method of enforcing the orders of the Trade Commission to impose upon the Attorney General the duty of examining the scope and propriety of the orders, and of sifting out of the mass of inquiries issued what in his judgment was pertinent and lawful before asking the court to adjudge forfeitures for failing to give the great amount of information required or to issue a mandamus against those whom the orders affected and who refused to comply \* \* \*."

The petitioner argues that the *Claire* case does not control the present situation, because we have a subpoena and not an order before us. This is a hollow argument.

The facts in the *Claire* case are indistinguishable from the present facts, except that here the Commission has gone one step further than they did in the *Claire* case.

In *Claire* the Commission sought information similar to that which the Commission seeks here. The Supreme Court specifically stated that "there was *nothing* which the Commission could have done to secure enforcement of the challenged orders except to request the Attorney General to institute proceedings." (emphasis added)

Here the Commission by order sought information as to costs and profits, exactly as it did in the *Claire* case. After Anheuser-Busch refused to comply with this order the Commission, instead of seeking enforcement of the order through the Attorney General as the *Claire* case had expressly said to do, and said there was no other way to do it, it issued subpoenas to obtain the information. Was this proper? This Court thinks not.

The opinion of the Supreme Court in the *Claire* case sets forth and discusses both sections 6 and 9 of the Federal Trade Commission Act (the same then as now), but did not say that the Commission could either seek enforcement through the Attorney General, or, in the alternative, issue subpoenas for obtaining the same information. The Supreme Court had all relevant statutes before it, and yet it held that the *only* thing the Commission could do was to proceed through the Attorney General. Was it merely an oversight on the part of the Supreme Court in leaving out language which would indicate an alternative method of obtaining the information? Certainly not. The Supreme Court left any such language out since under the last paragraph of section 9 (heretofore included) it clearly provides there is no alternative method for the Commission to proceed. They must proceed through the Attorney General.

In proceeding without the aid or consent of the Attorney General in the enforcement of these subpoenas, the Commission not only seeks to avoid the clear decision in the *Claire* case, but also seeks to avoid Judge Meredith's express charge when he dismissed the injunction action brought by Anheuser-Busch and Guignon. In his opinion Judge Meredith quoted extensively from and relied principally upon the *Claire* case, and he expressly stated that the only thing that the Commission could do in the present situation was to proceed for enforcement through the Attorney General. As was stated above, Judge Meredith's decision was affirmed by the Eighth Circuit Court of Appeals, who, although not relying specifically upon the *Claire* case, did refer to it as good law. This Court is bound by the precedents set by the *Claire* case and the Eighth Circuit.

For the foregoing reasons the Order to Show Cause issued on June 30, 1966, is hereby vacated and the petitioner's application for an order requiring the re-

spondents to testify and produce documentary evidence is hereby dismissed.

The dismissal of the petitioner's enforcement action obviously renders moot the second issue set out above. The third issue (the petitioner's motion for protective order) is also moot because there is now no action pending before this Court in connection with which the respondents can take a deposition.