**FEDERAL TRADE COMMISSION,**

v.

**Joseph S. KUJAWSKI, Vice President, National Institutional Food Distributor Associates, Inc.**

**FEDERAL TRADE COMMISSION**

v.

**Julius LEVITT, Vice President, Frozen Food Forum, Inc.**

**FEDERAL TRADE COMMISSION**

v.

**Joyce ALEXANDER, an employee of Frozen Food Forum, Inc.**

**Civ. A. Nos. 12430–12432.**

United States District Court
N. D. Georgia,
Atlanta Division.

April 3, 1969.

---

William D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Harland F. Leathers, Chief, General Litigation Section, Civil Division, Dept. of Justice, Jerold D. Cummins, Atty., F. T. C., Washington, D. C., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for plaintiff; James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, of counsel.

Ellis Arnall, Atlanta, Ga., for defendants; Arnall, Golden & Gregory, Atlanta, Ga., of counsel.

SIDNEY O. SMITH, Jr., Chief Judge.

The within matters were brought to enforce related subpoenas and are formally consolidated by the court for disposition.

■■■ Jurisdiction of this proceeding is provided by the second and third paragraphs of 15 U.S.C. § 49. Unlike other orders a subpoena issued by the Commission need not be enforced by first applying to the Attorney General. F.T. C. v. Continental Can Co., 267 F.Supp. 713 (S.D.N.Y.1967). *Contra,* F. T. C. v. Guignon, 261 F.Supp. 215(E.D.Mo.1966), affirmed 390 F.2d 323 (8th Cir. 1968). The District Court may consider such questions as self-incrimination, undue breadth of the subpoena, improper inclusion of irrelevant information, administrative authority to make the particular investigation, power to require disclosures concerning activities outside the agency's regulatory authority, and proper issuance of the particular subpoena. Davis, Administrative Law Text § 3.12 at 64 (1959). However, it is significant that this case involves only an investigative subpoena. See discussions of the distinctions between investigative and adjudicative proceedings in Hannah v. Larche, 363 U.S. 420, 445–446, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); In re Groban, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957); United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 400 (1950); Kennedy v. Lynd, 306 F.2d 222, 225 (5th Cir. 1962).

The following general statement as to the enforcement of administrative subpoenas is found in 7 Moore's Federal Practice ¶ 81.06[1] (2d ed. 1968).

The Federal Rules being primarily designed for plenary litigation were not wholly applicable to proceedings for the enforcement of administrative subpoenas, which are summary in character, but were partially applied prior to the 1946 amendment of Rule 81(a) (3). The 1946 amendment added the following and concluding sentence to Rule 81(a) (3):

"These rules apply (1) to proceeding to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings, and (2) to appeals in such proceedings."

Clause (1) "allows full recognition of the fact that the rigid application of the rules in the proceedings themselves may conflict with the summary determination desired * * * it is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful." (Citing Committee Note of 1946 to this subdivision). Subject to this proposition, the Federal Rules are generally applicable to the district court enforcement proceeding; but they do not apply in the administrative proceeding itself.

*Id.* at 4442. However, Rule 45, which regulates the use of subpoenas in federal court, does not apply, as the enforcement by the district courts of administrative subpoenas is regulated by appropriate statutes. 5 Moore's Federal Practice ¶¶ 45.01[2], 45.02[2] (2d ed. 1968). These rather vague pronouncements found above reflect a definite tension between the need to allow administrative agencies to investigate matters fully without undue hinderance in the federal courts and a need to allow the investigated party some recourse at this early stage to check any abuses by that agency. An accommodation of these two needs is the focal point of the reported cases dealing with the enforcement of administrative subpoenas.

A large number of the reported cases in this area have dealt with the enforcement of a tax summons under 26 U.S.C. §§ 7602 and 7402(b). The Fifth Circuit has recently summarized the appropriate guidelines.

> We do not find that there was any prejudice in this procedure, as the information which Venn sought would have been irrelevant to the issues in this proceeding. This does not mean that discovery would always be improper in cases of this nature. [Citing a case where discovery of a limited nature was proper.] Although a footnote in United States v. Powell * * * indicates that the Federal Rules of Civil Procedure apply to proceedings to enforce a tax summons, we have previously ruled that the thrust of this decision is that the parties must be given a full opportunity in an adversary hearing to present their case. Dunn v. Ross, 5 Cir. 1966, 356 F.2d 664, 667–668, citing McGarry's, Inc. v. Rose, 1 Cir. 1965, 344 F.2d 416, 418. We are unable to find that any prejudice was occasioned by the use here of the abbreviated procedure traditional in summons enforcement cases.

Venn v. United States, 400 F.2d 207 at 212, fn. 12 (5th Cir. 1968). The rights of a witness in this regard would at least not be greater in an FTC proceeding than in an Internal Revenue proceeding. See United States v. Associated Merchandising Corp., 256 F.Supp. 318 (S.D.N.Y.1966).

The tension between speedy adjudication and fairness to the investigated party is reflected in FTC cases also.

> To compel the government to proceed by plenary suit would inevitably involve substantial delay. Respondents frankly state that if their motion is granted, they desire to engage in extensive discovery proceedings prior to trial. They say that they will wish to examine members of the Federal Trade Commission and is [sic] staff and inquire into the circumstances under which the Commission adopted its rules and regulations, et cetera. I cannot believe that Congress contemplated, when it provided for the issuance of mandamus, that respondents would be entitled as a matter of right to such protracted discovery.

United States v. Associated Merchandising Corp., 256 F.Supp. 318 at 321 (S.D.N.Y.1966). See also, Federal Maritime Comm. v. Transoceanic Terminal Corp., 252 F.Supp. 743 (N.D.Ill.1966) (under Maritime Act but illustrating some principles); FTC v. Scientific Living, Inc., 150 F.Supp. 495 (M.D.Pa.1957) (extensive citation of authority as to summary nature of proceedings).

■ From the above authorities (and many more could be cited), the Court reaches the conclusion that limited discovery should be allowed in these proceedings, whether they are labeled as summary or otherwise. Sixty days is allowed for discovery on the questions relating to the procedural validity of the subpoenas involved in this litigation. Only in this way can the Court make an intelligent decision as to whether to enforce the subpoenas as issued.

At such time, the parties are directed to submit all materials relating to the question to the court for decision; or,

if further oral testimony is needed, to arrange for a setting.

The question of the validity of the regulations relating to practice and procedure by counsel is reserved until further order and discovery is not allowed as to this question.

It is so ordered.