Gilbert Salas CORONADO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21844.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1965.

Rehearing Denied March 9, 1965.

Gilbert Salas Coronado, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., for appellee.

Before BROWN and BELL, Circuit Judges, and HUNTER, District Judge.

**PER CURIAM:**

Coronado appeals from the dismissal of his motion for a declaratory judgment filed pursuant to 28 U.S.C.A. § 2201 and F.R.Civ.P. 57 to review the validity of his conviction on the first count of a two-count indictment for the offense of acquiring and facilitating the transportation and concealment after importation of heroin in violation of 21 U.S.C.A. § 174. Judge Ingraham declined to entertain the motion as one for declaratory judgment, but instead considered it properly as one under § 2255. However regarded, there is no merit to Coronado's contention.

His argument is that the evidence against him was obtained by entrapment and was therefore inadmissible under Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. This is but another way of presenting the matter of entrapment, which is a separate and complete defense when made out, but which the jury in this case with ample record basis found to be wanting. It was also passed upon by this Court in affirming the conviction. Coronado v. United States, 5 Cir., 1961, 266 F.2d 719, cert. denied, 361 U.S. 851, 80 S.Ct. 112, 4 L.Ed. 2d 90, and in two prior § 2255 motions. The novelty here is in linking the defense of entrapment with Mapp v. Ohio, and presenting it in the form of an action for declaratory judgment—apparently to avoid that part of § 2255 which permits the district judge to refuse successive motions raising the same issue. Here the complaint is the same as that previously litigated and many times decided in proceedings which met the full requirements of Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148, and it is still without merit.

Affirmed.