McGARRY'S, INC., et al., Respondents, Appellants,

v.

Frank E. ROSE, Special Agent, Internal Revenue Service, Petitioner, Appellee.

No. 6420.

United States Court of Appeals
First Circuit.

May 3, 1965.

Louis Bender, New York City, with whom John Warren McGarry, Boston, Mass., and Lloyd A. Hale, New York City, were on brief, for appellants.

Joseph M. Howard, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and John M. Brant, Attys., Dept. of Justice,

W. Arthur Garrity, Jr., U. S. Atty., and Murray H. Falk, Asst. U. S. Atty., were on brief, for appellee.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAFFREY, District Judge.

CAFFREY, District Judge.

This matter (under a changed name) is before this court for a second time upon consolidated appeals from an order entered by the district court on September 18, 1964 directing the enforcement of five administrative summonses caused to be served by appellee, pursuant to 26 U.S.C. § 7602, on March 19, 1964. The summonses required compliance therewith approximately ten days later. The district court ordered production pursuant to the Internal Revenue Service summonses of some of the same books, records, and papers which it previously found had been illegally seized and which it later ordered to be returned to appellants.

The factual background of this matter is set out in the opinion of the district court reported under the name of Lord v. Kelley, 223 F.Supp. 684 (D.Mass.1963), and in the opinion of this court reported at 334 F.2d 742 (1964), cert. denied 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). The earlier opinion of this court dismissed the appeal in Lord v. Kelley because of lack of appellate jurisdiction.

The summonses involved in the instant appeal require the production of corporate books, records, and papers of McGarry's, Inc., J. E. Poor Co., Inc., M. J. Toomey Corp., and Ye Olde Brown Jug, Inc., and also work papers, correspondence, and memoranda of Alfred H. Lord and Donald R. Lord, accountants, relative to preparation of state and federal income tax returns, investments, and financial transactions of S. Leo and Louise C. Swartz for the years 1952 through 1961.

The five summonses involved herein indicate that the books and documents sought to be obtained thereby are substantially the same books and documents as those described in the summonses involved in the case of Lord v. Kelley. Appellee Rose filed the instant enforcement petitions in the district court on July 15, 1964, upon appellants' failure to produce or turn over the material described in the summonses, and a show cause order returnable September 14, 1964 was entered by the district court. A hearing on that show cause order was held September 18, 1964, about two months after the filing of the petition. At the conclusion of the hearing the district court directed the appellants to comply with all five summonses. The order requiring compliance with the summonses was stayed by this court pending appeal on October 19, 1964.

The following contentions were raised in and disposed of by the district court adversely to appellants:

(1) that the summonses were invalid in that they required the production of the same books and records which were the subject of an unlawful search and seizure on April 18, 1962;

(2) that the required production might tend to incriminate the appellants in violation of the Fifth Amendment;

(3) that the required production was in support of an investigation of tax liabilities barred by the 3-year statute of limitations (i. e., barred except in the case of false or fraudulent tax returns);

(4) that enforcement of the summonses would violate the Fourth Amendment because the summonses are unduly broad, vague and lacking in speciality;

(5) that the summonses were invalid in that they failed to show that the respective papers, books, and records related to transactions with the taxpayers, Bernard G. McGarry and Marie G. McGarry.

■ Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1963) squarely holds that an order of the type entered by the district court is appealable, as was held in O'Connor v. O'Connell, 253 F.2d 365 (1 Cir. 1958).

The recent decision of the Supreme Court in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) is dispositive of appellants' contention that portions of the summonses were barred by the ordinary three-year statute of limitations. Likewise, appellants' contentions that the initiation of the enforcement proceedings was invalid, and that the petitions filed in the enforcement proceedings failed to state a claim upon which relief could be granted find no support in the record nor comfort in Reisman v. Caplin, supra, or United States v. Powell, supra, where the Court said (at p. 52, 85 S.Ct. at p. 252) "we think it would be holding too strictly to the forms of pleading to require the suit to be recommenced, and therefore treat the enforcement proceeding as having been brought under §§ 7402(b) and 7604(a)."

The record in the instant case shows that appellants were served with orders to show cause and petitions to enforce summonses, each of which fully apprized them of the nature of the relief sought by appellee. In the two-month interval between the issuing of the show cause order and the actual hearing thereon, appellants and their counsel had ample time to evaluate and study the petitions and show cause orders, and to file both short and lengthy motions to dismiss, as well as an answer, all of which put in issue before the district court the contrary positions of the parties on this matter. A reading of the opinion in United States v. Powell, supra, leaves no doubt that the thrust thereof is to insure that a taxpayer obtain an adversary-type hearing in the district court prior to his being forced to comply with an administrative summons which he challenges in good faith. That the procedure followed in the instant case fully complies with the essential requirements of the Powell decision appears so clearly from the record herein as to preclude any need for further discussion of appellants' contentions with reference thereto.

The remaining and principal issue before us on this appeal is whether the Internal Revenue Service is barred now and forever from regaining possession of books, records, and documents by use of proper administrative summonses by reason of the fact that in April of 1962 certain agents of the Internal Revenue obtained possession of some of the same books, records, and documents by conduct which the district court found was an illegal search and seizure, and which were ordered returned to appellants for that reason. Appellants urge upon us that the district court erred both in omitting from its order a provision perpetually precluding the Service from access to these books, records, and documents, and in providing in its order that the government was not barred from taking proper legal steps to obtain such of the books, records, and documents as were known to the government to exist prior to and independently of any knowledge gained from the illegal search and seizure. Appellants say that enforcement of the summonses under these circumstances is violative of their rights under the Fourth and Fifth Amendments.

The precise portion of the district court's order in Lord v. Kelley which is the basis of appellants' contentions appears at 223 F.Supp. 684, at 691:

"Provided that nothing in this injunction shall preclude the United States or its agents from requiring by appropriate warrant, subpoena, summons, or other due process of law, the production of any record or paper covered by the summonses which Flattery signed on April 18, 1962 before he arrived at Lord's home, or shall preclude the United States or its agents from using the contents of or clues furnished by a production later than November 19, 1963."

It is clear from the record appendix in Lord v. Kelley, (which on motion of appellants this court ordered incorporated by reference herein), that the district court based the above-quoted language on a specific finding: "Flattery knew of these records before they were delivered to him. More significantly, he had already signed

a summons covering those records." (223 F.Supp. 684, 690). The record likewise establishes that the district court order in Lord v. Kelley did not preclude the Internal Revenue Service from taking the action which forms the basis of this appeal, i. e., issuing proper subpoenas for the production of records which the district court found were known to the Service to exist independently of any knowledge acquired by the conduct ruled violative of the Fourth Amendment.

That the order of the district court in so doing was proper appears from a line of cases starting with Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920), where the Supreme Court made it clear that the illegal seizure of property by government agents did not forever immunize the information contained therein from use in later legal proceedings or relegate them to a limbo in which they would be forever secret, inaccessible, and non-usable for any purpose thereafter. The Court explicitly pointed this out in Silverthorne Lumber, saying (p. 392, 40 S.Ct. p. 183): "Of course this does not mean that the facts thus (illegally) obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others."

The principle of the Silverthorne case has been reaffirmed by the Supreme Court in Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939), and in Wong Sun v. United States, 371 U.S. 471, 487, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962). The principle has been applied by the Second Circuit in Wagman v. Arnold, 257 F.2d 272, 276 (1958), a case in which, like the instant case, it was found that the government agents had knowledge of the existence of corporate records independent of the illegal search and seizure; and in United States v. Sheba Bracelets, 248 F.2d 134, 141 (2d Cir. 1957), cert. denied 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259, where, likewise, the court allowed the use of evidence found to have reached government agents from a legal and independent source despite the fact that that same evidence had been illegally obtained five years earlier by government agents.

The order of the district court herein is not violative of any asserted rights of appellants. It is consistent with the doctrine of the Silverthorne Lumber, Nardone, and Wong Sun cases. To strike down the district court's order on the facts of this case would be a perversion of the Fourth Amendment conferring upon appellants a windfall benefit far beyond anything required by the Fourth or Fifth Amendments. Cf. Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1953).

Judgment will be entered affirming the judgment of the District Court.