**Mervin A. GAJEWSKI, Appellant,**

v.

**L. B. STEVENS, Warden, Appellee.**

**No. 17934.**

United States Court of Appeals
Eighth Circuit.

June 17, 1965.

Rehearing Denied July 9, 1965.

Mervin A. Gajewski, pro se.

Miles W. Lord, U. S. Atty., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., filed printed brief for appellee.

Before VAN OOSTERHOUT, BLACK-MUN and MEHAFFY, Circuit Judges.

## PER CURIAM.

Before us is an appeal taken by Mervin A. Gajewski, hereinafter called defendant, from a final order of the United States District Court for the District of Minnesota, in case No. 3–64–306 Civil, dismissing his petition for writ of habeas corpus. The original record in this case, which includes a transcript of the clerk's docket entries, shows that defendant filed a petition for writ of habeas corpus with a judge of this court and that such judge, pursuant to 28 U.S.C.A. § 2241(b), declined to entertain the petition but transferred the same to the United States District Court of Minnesota where it was filed on October 9, 1964. On the same date, an order was entered by Judge Donovan dated October 7, 1964, denying the writ. In the course of the order, Judge Donovan states:

> "This is the second petition presented to the Court by petitioner. The previous petition and motions in connection therewith are substantially similar to this petition, and the memorandum orders of the Court, dated June 24, 1964 and July 23, 1964, adequately answer petitioner's claims.
>
> "The petition for a writ of habeas corpus is denied." [1]

On October 15, 1964, defendant filed motion pursuant to Fed.R.Civ.P. 59 (e) to alter judgment. Such motion was denied by order dated October 20, 1964. The notice of appeal in the present case is defective in stating that the appeal is

---

[1]. The prior petition referred to in the court's order was in case No. 3–64–175 Civil filed June 11, 1964. It is entitled "Petition for Writ of Habeas Corpus Ad Testificandum" but it contains broad allegations and was treated as also being a petition for writ of habeas corpus ad subjiciendum. In general, the complaints made are much the same as those contained in the instant petition. Relief was denied by orders entered June 24, 1964, and July 23, 1964. No appeal has been taken from the orders entered in case No. 3–64–175.

from the October 20, 1964, order and in failing to state that it is from the October 7, 1964 order denying the petition. Notices of appeal are entitled to a liberal construction where the intent of the party taking the appeal is apparent and the adverse party is not prejudiced. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222; Railway Express Agency, Inc. v. Epperson, 8 Cir., 240 F.2d 189. Such liberal construction is particularly appropriate with respect to a pro se habeas corpus proceeding. We treat the appeal as being from the judgment dismissing the petition.

The petition complains of the illegality of defendant's conviction by a jury and the resulting sentence imposed upon a two count conspiracy indictment tried in the United States District Court for the District of North Dakota. The facts relating to this case are fully set out in our opinion affirming the conviction. Gajewski v. United States, 8 Cir., 321 F.2d 261, cert. denied 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416.

■ Defendant at the time he filed his present petition was serving his sentence in a Minnesota federal prison. On December 10, 1964, defendant was released upon parole but remains under supervision until February 13, 1966. The Government urges that by reason of such release on parole this appeal should be dismissed as moot. Since parole restrictions remain outstanding, the Government's position is not well taken. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

■■ 28 U.S.C.A. § 2255 specifically provides that a writ of habeas corpus shall not be entertained if petitioner has not applied for and been denied relief by the sentencing court unless it appears that the § 2255 remedy is inadequate to test the legality of the confinement. In the present action, defendant has made no allegation with respect to the unavail-

ability or inadequacy of § 2255 relief at the time he filed his present petition. There is no showing that defendant has raised by a § 2255 proceeding in the sentencing court the issues he here raises.[2] Absent such showing, the court was without jurisdiction to entertain the petition. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Burdette v. Settle, 8 Cir., 296 F.2d 687; Simmons v. United States, 8 Cir., 253 F.2d 909.

■ While we are of the view that the petition should be dismissed for want of jurisdiction for the reason hereinabove stated, we are fully convinced that if the merits of the case are reached, the dismissal was proper. Defendant asserts that some twenty errors occurred in the trial resulting in his conviction. Most of such errors asserted relate to rulings upon motions for acquittal, rulings upon evidence, and with respect to instructions. Most of the contentions raised are considered and rejected in our opinion affirming the conviction. The other errors asserted do not reach the level of fundamental constitutional rights. The defendant's contention that he was denied a jury trial is frivolous. Our prior opinion clearly shows that the defendant did have a full jury trial. Defendant's bald statement that the issues raised in his present petition were not raised upon appeal due to incompetent counsel is not entitled to serious consideration. In our prior opinion, we pointed out, p. 264 of 321 F.2d, that defendant "although financially able and fully aware of his right to counsel, understandingly chose to represent himself." Defendant has made no showing that he was financially unable to employ counsel or that he ever requested court-appointed counsel.

Defendant, by way of conclusion, states that the testimony of revenue agents and agricultural department officials introduced at the trial is false and fraudulent. Defendant does not support such state-

---

2. § 2255 requires the institution of the proceeding in the sentencing court. As heretofore pointed out, the sentencing court is the United States District Court of North Dakota. The United States District Court of Minnesota has no jurisdiction under § 2255 to test the legality of a sentence imposed in another judicial district.

ment nor is any allegation made that the prosecution knowingly used perjured testimony. The jury by its verdict accepted the officials' version of the disputed transactions rather than the defendant's.

A full examination of the record compels a conclusion that all grounds urged by defendant as a basis for collateral attack upon his conviction lack merit.

The order denying the petition for writ of habeas corpus is affirmed.