Loren R. **GAJEWSKI** and Mervin A. Gajewski, Plaintiffs,

v.

**UNITED STATES COMMISSIONER OF INTERNAL REVENUE Acting Through the DISTRICT DIRECTOR OF INTERNAL REVENUE FOR THE DISTRICT OF NORTH DAKOTA, Defendant.**

Civ. No. 815.

United States District Court
D. North Dakota,
Northwestern Division.

Jan. 5, 1967.

Loren R. Gajewski and Mervin A. Gajewski, pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., for the Commissioner of Internal Revenue.

REGISTER, Chief Judge.

### MEMORANDUM AND ORDER

Plaintiffs bring this action, allegedly arising under the Constitution of the United States, Article III, Section 2, par. 1, the Fifth Amendment to the Constitution of the United States, the Sixteenth Amendment to the Constitution of the United States, Rule 65 of the Federal Rules of Civil Procedure, and 26 U.S.C.

§§ 6215–6601, for the purpose of restraining and enjoining the Defendant from collecting from said Plaintiffs a certain sum of money, representing interest on settled deficiencies and additions to tax determined by the Tax Court of the United States. Said deficiencies and additions to tax were settled by stipulation and have been paid. Appearing on the bank money orders tendered by the Plaintiffs in payment of their additions to tax is the endorsement "Payee accepts this payment as settlement in full of the additions to the tax according to the December 2, 1965 Decision of the Tax Court of the United States in Docket No. 4930–62.", (and 4931–62). Appearing on each of two personal checks tendered by Plaintiffs in payment of their income tax deficiencies for the years 1957, 1958 and 1959 is the endorsement "Payee accepts this payment in conjunction with the November 5, 1962 overpayment without regard to interest due thereon and in conjunction with American State Bank of Williston, N. Dak. money order No. 14501 (14500 as to Mervin Gajewski) tendered herewith as settlement in full of the deficiencies in income tax for the years of 1957, 1958 and 1959, determined by the Tax Court of the United States to be due in Docket No. 4930–62 (4931–62 as to Mervin Gajewski) and the decision rendered therein on December 2, 1965." Both the bank money orders and personal checks, with the endorsements appearing thereon as described, were accepted by the Defendant and have been paid.

Subsequently, the Defendant determined that certain sums, representing interest on the settled deficiencies and additions to tax, were due and owing it by the Plaintiffs and, in seeking to collect such sums, levied upon certain personal property owned by the Plaintiffs, Plaintiffs thereupon brought this action, seeking to restrain the Defendant from enforcing said levy.

Defendant has moved to dismiss the action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, upon the grounds that Plaintiffs have failed to state a claim upon which relief can be granted and that this Court is without jurisdiction over the subject matter in suit. Notwithstanding the language of 26 U.S.C.A. § 7421(a), it is the position of Plaintiffs that the levy in this case is not one for taxes, or any statutory additions thereto, and that the extraordinary circumstances found to exist herein bring this suit within the exception recognized by the Supreme Court in Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292.

26 U.S.C.A. § 7421(a), provides as follows:

> "Except as provided in sections 6212 (a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Recognizing the constitutionality of Section 7421(a), the Supreme Court in *Enochs,* supra, nevertheless held that a court might properly entertain a suit to enjoin the collection of taxes, *but only when there was no possibility that the United States could prevail.* Even where such circumstance was present, the Supreme Court further held that the requirements of an inadequate remedy at law and irreparable harm must be found to exist before an injunction could issue.

The levy made in this case is for interest on Plaintiffs' tax liabilities already settled. That such interest is a "tax", so as to bring it within the proscription of Section 7421(a), is spelled out by 26 U.S.C.A. § 6601(f) (1), wherein it is stated:

> "Any reference in this title * * * to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."

Section 6601(a), Title 26, U.S. C.A., requires the payment of interest on any tax imposed but not paid on or before the last date prescribed for payment. Therefore, notwithstanding the decisions of the Tax Court, the Defendant is still obligated to assess and collect the statutory interest due on delinquent taxes.

Whether or not such interest is still due and owing, or has been paid, is, of course, a question of fact. However, it is the opinion of this Court that there are not herein present such extraordinary circumstances that would bring this suit within the exception recognized by the Supreme Court in *Enochs,* supra.

Now Therefore, this Court having considered Defendant's motion to dismiss, together with related documents on file herein, and being of the opinion that it is without jurisdiction to entertain this action by reason of 26 U.S.C.A. § 7421 (a), it is

Ordered that said motion be, and the same hereby is, in all things, granted, and the within complaint and action be, and the same hereby are, dismissed, without costs.