**Loren R. GAJEWSKI and Melvin A. Gajewski, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 18410.**

United States Court of Appeals
Eighth Circuit.

Nov. 14, 1966.

Rehearing Denied Dec. 2, 1966.

Certiorari Denied Feb. 13, 1967.

See 87 S.Ct. 865.

Loren R. Gajewski and Mervin A. Gajewski, pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., for appellee.

Before MATTHES and LAY, Circuit Judges and MEREDITH, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court, (a) holding that it lacks authority to grant appellants declaratory judgment relief under 28 U.S.C.A. § 2201 (1948), (b) granting the Government's motion for summary judgment, and (c) dismissing the action. The purpose of this proceeding, allegedly brought under § 2201, is to obtain a judicial declaration that the judgment of conviction entered against appellants in United States v. Gajewski, aff'd., Gajewski v. United States, 321 F. 2d 261 (8th Cir. 1963), cert. denied, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964) is void and without force or effect.[1]

---

1. Both appellants were convicted by a jury on two counts of conspiracy (a) to defraud the United States by obstructing and attempting to defeat the operation of the Agricultural Adjustment Act of 1938 and (b) to cause false and fraudulent income tax returns to the filed, all in violation of 18 U.S.C. § 371. In addition Loren R. Gajewski was convicted of the substantive offense of making false, fraudulent and fictitious statements in his 1959 income tax return, in violation of 18 U.S.C. § 1001.

In a subsequent habeas corpus proceeding, appellants unsuccessfully challenged the validity of their conviction and sentence. See Gajewski v. Stevens, Warden, 346 F.2d 1000 (8th Cir. 1965).

This is the second time appellants have attacked their conviction since their discharge from the penal institution.[2] On January 25, 1965 they filed their first declaratory judgment action "for the purpose of clearing the record of the farcical indictment and conviction" in the criminal case. As in the instant case, the district court held it lacked jurisdiction to grant summary judgment relief and dismissed the action. No appeal was taken, but on August 3, 1965 this proceeding was instituted. Considering the finality of the prior order, we believe we would be justified in summarily dismissing this appeal. However, inasmuch as appellants have acted pro se throughout this proceeding, we will attempt to demonstrate to them that they are not, on the basis of their complaint, entitled to have the judgment of conviction set aside, regardless of the characterization of the complaint.

A federal prisoner is entitled to collaterally attack the conviction under which he is being detained. 28 U.S.C.A. § 2255 (1948). But we are unaware of any authority which would permit the federal declaratory judgment statute, 28 U.S.C.A. § 2201, supra, to be used as a post-conviction remedy. We have held that a state prisoner is not entitled to invoke that statute in the federal courts for the purpose of testing the validity of his conviction. Waldon v. State of Iowa, 323 F.2d 852 (8th Cir. 1963). The same rule has been applied to federal prisoners. Coronado v. United States, 341 F.2d 918–919 (5th Cir. 1965); Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978, 980–981 (1949).

A convicted party who, like appellants, has served his full sentence is not without a remedy. He may by a proceeding in a federal district court, in the nature of error coram nobis, challenge the legality of his conviction and sentence. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Azzone v. United States, 341 F.2d 417–418 (8th Cir. 1965). But error coram nobis relief should not be granted except under compelling circumstances. The Supreme Court cautioned in the Morgan case, supra:

"Continuation of litigation after final judgment and exhaustion of waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." * * * 346 U.S. at 511, 74 S.Ct. at 252.

A close analysis of the reasoning in Morgan clearly demonstrates, we feel, that the writ of error coram nobis was designed only to correct errors "of the most fundamental character."

Following the teachings of the Supreme Court in Morgan, we have treated the record in this case as adequately presenting a motion in the nature of a writ of error coram nobis. Careful scrutiny of the complaint leaves us with the firm conviction that a hearing is not required before the district court. Even if the allegations are true, they are wholly insufficient to warrant a court at this late hour in concluding that the trial in the criminal case and the resulting judgment do not comport with constitutional standards. In brief the charges are made that (a) appellants were denied a fair trial because of their "Christian anti-Communist, anti-Socialist Creed"; (b) that government exhibits were improperly introduced as evidence; (c) that count three of their indictment failed to charge a criminal act; (d) that they were denied a jury trial; (e) that the conspiracy indictment rested upon the commission of a non-criminal act; (f) and finally that United States Attorney acted improperly in certain respects. Most, if not all, of appellants' complaints

2. Appellants received a total sentence of two years. They were released on parole on December 10, 1964, and fully and finally discharged on February 13, 1966.

were raised in the appeal from the judgment of conviction, Gajewski v. United States, supra, or in the habeas corpus proceeding, Gajewski v. Stevens, Warden, supra, and were found lacking in substance. In any event the errors relied upon are not so fundamental as to warrant a federal court in wiping out and invalidating the prosecution and the judgment of conviction.

Affirmed.