LOREN R. GAJEWSKI, MERVIN A. GAJEWSKI, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Gajewski v. Commissioner
Docket Nos. 3307-76, 5129-77, 11479-77.
United States Tax Court
T.C. Memo 1985-147; 1985 Tax Ct. Memo LEXIS 484; 49 T.C.M. (CCH) 1062; T.C.M. (RIA) 85147; March 27, 1985; As Amended April 30, 1875 and May 2, 1985 Loren R. Gajewski and Mervin A. Gajewski, pro sese in docket No. 3307-76. Loren R. Gajewski and Mervin A. Gajewski, pro sese in docket No. 5129-77. L. R. Gajewski, N. R. Gajewski and Mervin A. Gajewski, pro sese in Docket No. 11479-77. J. A. Lopata, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Section
Section
Docket No.
Petitioner
Year
Deficiency
6651(a) [2]
6653(b)
3307-76
Loren R. Gajewski
1963
$46.92
$23.46
1964
383.47
1,029.96
Mervin A. Gajewski
1963
46.92
23.46
1964
383.47
1,029.96
5129-77
Loren R. Gajewski
1973
2,058.73
Mervin A. Gajewski
1973
2,058.73
11479-77
L. R. Gajewski
1971
2,867.23
$716.81
1972
2,193.93
548.48
L. R. Gajewski and
N. R. Gajewski
1975
1,612.46
Mervin A. Gajewski
1971
2,867.23
716.81
1972
2,194.43
547.36
1975
2,205.70
*487 After concessions and settlement of issues by the parties, [3] the issues for decision are: (1) whether petitioners are required to use the cash method of accounting for the taxable years 1971, 1972, 1973 and 1975; (2) if the cash method of accounting is used, should an additional adjustment be made concerning petitioners' opening inventory in the taxable year 1971; (3) whether petitioners are entitled to any adjustments for the taxable years in issue as the result of an alleged net operating loss in taxable year 1974; (4) whether petitioners are liable for self-employment tax for the taxable years 1971, 1972, 1973 and 1975; (5) whether petitioners are liable for the late filing additions to tax under section 6651(a) for the taxable years 1971 and 1972; (6) whether the statute of limitations bars assessment of the deficiencies for taxable year 1973. *488 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and supplemental stipulation of facts are so found and incorporated herein by reference. Petitioners Loren R. Gajewski (also identified as "L. R. Gajewski" in the notices of deficiency) and N. R. Gajewski are husband and wife. Petitioner Mervin A. Gajewski is the brother of petitioner Loren Gajewski. All of the petitioners resided in Alexander, North Dakota, when their petitions were filed. During the taxable years in issue, petitioners Loren and Mervin Gajewski operated a farm in rural North Dakota. Their farming operations were conducted as a partnership. When determining the amount of grain on hand at the relevant times during each taxable year in issue, petitioners totalled the amounts on hand in the granaries on their farm and the amounts held in commercial storage. Petitioners, however, were unaware of their granaries' actual holding capacity. Despite this obvious shortcoming, petitioners computed the amount of their inventory at the relevant times, and entered these figures on Schedule F (Farm Income and Expenses) of their Federal income tax returns for the taxable years in issue. *489 Petitioners do not have any supporting books and records concerning their inventory calculations for the taxable years in issue. Petitioners' only records are copies of their Federal income tax returns for the taxable years is issue. Petitioners Loren and Mervin Gajewski are no strangers to the Federal judicial system. On May 24, 1962, Loren Gajewski was convicted of making a false statement on his 1959 Federal income tax return. On the same date, both Loren and Mervin Gajewski were convicted of conspiring with their parents to file false Federal income tax returns for the taxable years 1951 through 1959. Their convictions were upheld on appeal. Gajewski v. United States,321 F.2d 261 (8th Cir. 1963), cert. denied 375 U.S. 968 (1964). Their convictions also withstood collateral attacks in Gajewski v. Stevens,346 F.2d 1000 (8th Cir. 1965), and Gajewski v. United States,368 F.2d 533 (8th Cir. 1966), cert. denied 386 U.S. 913 (1967). Further, they unsuccessfully sought to quash an Internal Revenue Service investigation of their Federal income tax liabilities for the taxable years 1960 through 1966 *490 in Gajewski v. United States,265 F. Supp. 129 (D.N.D. 1967), affd. 419 F.2d 1088 (8th Cir. 1969), cert. denied 397 U.S. 1040 (1970). They also were convicted on January 21, 1974, of willfully failing to file Federal income tax returns for 1967 through 1970. Finally, this Court, inter alia, rejected their frivolous "tax protester" arguments for the taxable years 1967 through 1970 in Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).This Court also held that, since petitioners did not maintain adequate inventory records, the Commissioner properly computed their farm income on the cash method for the taxable years 1967 through 1970. Petitioners Loren Gajewski and Mervin Gajewski did not file Federal income tax returns for the taxable years 1963 or 1964. Petitioners did not file partnership returns for any of the taxable years in issue. On or about April 15, 1972, petitioner Loren Gajewski filed a Form 1040 purporting to be an individual Federal income tax return for the taxable year 1971 with the Internal Revenue Service. This document did not *491 contain sufficient financial information upon which his Federal income tax liability could be computed. It also contained frivolous "tax protester" arguments previously examined and rejected by this Court in Gajewski v. Commissioner,supra.
On or about April 15, 1973, petitioner Loren Gajewski filed a Form 1040 purporting to be an individual Federal income tax return for the taxable year 1972. This document did not contain sufficient financial information upon which his Federal income tax liability could be computed. It also contained frivolous "tax protester" arguments previously examined and rejected by this Court in Gajewski v. Commissioner,supra.
On or about April 15, 1973, petitioner Mervin Gajewski filed a Form 1040 purporting to be an individual Federal income tax return for the taxable year 1972. This document did not contain sufficient information upon which his Federal income tax liability could be determined. It also contained frivolous "tax protester" arguments previously examined and rejected by this Court in Gajewski v. Commissioner,supra.
On April 15, 1974, petitioner Mervin Gajewski filed an *492 individual Federal income tax return for the taxable year 1973. He included $16,500 of "guaranteed payments" as "other income" on his return. On April 15, 1974, petitioner Loren Gajewski filed an individual Federal income tax return for the taxable year 1973. On said return, he computed his taxable farm income utilizing the accrual method of accounting. He also deducted $33,000 of "guaranteed payments" on Schedule F and included $16,500 of "guaranteed payments" as "other income." On June 10, 1975, petitioner Loren Gajewski submitted amended Forms 1040 to the Internal Revenue Service for the taxable years 1971 and 1972. On said amended forms, he computed his taxable farm income utilizing the accrual method of accounting. On the Form 1040 for the taxable year 1972, he also deducted $1,600 of "guaranteed payments" on Schedule F and included $800 of "guaranteed payments" as "other income." On June 10, 1975, petitioner Mervin Gajewski submitted an amended Form 1040 to the Internal Revenue Service for the taxable year 1971. On said form, he computed his taxable farm income utilizing the accrual method of accounting. On April 15, 1976, petitioners Loren and N. R. Gajewski filed *493 a joint Federal income tax return for the taxable year 1975. On said return, they computed their taxable farm income utilizing the accrual method of accounting. They also deducted $7,000 of "guaranteed payments" on Schedule F and included $3,500 of "other income" on said return. On April 15, 1976, petitioner Mervin Gajewski filed an individual Federal income tax return for the taxable year 1975. On said return, he computed his taxable farm income utilizing the accrual method of accounting. He also deducted $7,000 of "guaranteed payments" on Schedule F and included $3,500 of "other income" on said return. On June 10, 1975, petitioner Mervin Gajewski submitted an amended Form 1040 to the Internal Revenue Service for the taxable year 1972. On said form, he computed his taxable farm income utilizing the accrual method of accounting. He also included $800 of "guaranteed payments" as "other income" on this Form 1040. On March 9, 1977, the Commissioner issued notices of deficiency to petitioners Loren and Mervin Gajewski for the taxable year 1973. In such statutory notices, the Commissioner recomputed petitioners' taxable farm income utilizing the cash method of accounting because *494 it was determined that the use of the accrual method of reporting the farm income did not clearly reflect their income.The Commissioner also determined that petitioners were liable for self-employment tax. On August 29, 1977, the Commissioner issued a notice of deficiency to petitioner Loren Gajewski for the taxable years 1971 and 1972. In this notice, the Commissioner recomputed petitioner's taxable farm income utilizing the cash method of accounting because it was determined that the use of the accrual method of reporting the farm income did not clearly reflect his income. The Commissioner also determined that petitioner was liable for self-employment tax for both taxable years 1971 and 1972. Finally, the Commissioner determined that the imposition of an addition to tax under section 6651(a) for late filing was warranted. On August 29, 1977, the Commissioner issued a notice of deficiency to petitioners Loren and N. R. Gajewski for the taxable year 1975. In this notice, the Commissioner recomputed their taxable farm income utilizing the cash method of accounting because it was determined that the use of the accrual method of reporting the farm income did not clearly reflect *495 their income. The Commissioner also determined that petitioners were liable for self-employment tax. On August 29, 1977, the Commissioner issued a notice of deficiency to petitioner Mervin Gajewski for the taxable years 1971, 1972 and 1975. In this notice, the Commissioner recomputed his taxable farm income utilizing the cash method of accounting because it was determined that the use of the accrual method of reporting the farm income did not clearly reflect his income. The Commissioner also determined that petitioner was liable for self-employment tax. Finally, the Commissioner determined that the imposition of an addition to tax under section 6651(a) for late filing was warranted. OPINION The first issue for decision is whether petitioners must use the cash method of accounting during the taxable years in issue.The Commissioner's determination that they must use the cash method of accounting in computing their farm income for the taxable years in issue is presumptively correct and petitioners bear the burden of proving it to be erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); *496 Rule 142(a). Farmers using an accrual method of accounting must use inventories to determine their gross income. Sec. 1.61-4(b), Income Tax Regs. It logically follows, therefore, that accurate inventory records must be maintained if a farmer's income is to be accurately and clearly reflected on his Federal income tax returns. Gajewski v. Commissioner,67 T.C. 181, 196 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). When a taxpayer who computes his farm income utilizing the inventory method of accounting fails to maintain adequate books and records, the Commissioner may properly recompute his farm income using the cash method of accounting. Gajewski v. Commissioner,supra at 197. Petitioners have not produced any supporting records concerning their inventory calculations for the taxable years in issue. It *497 was also established at trial that petitioners do not even know the capacity of the granaries utilized to store their crops. Under these circumstances, we need not, and do not, accept petitioners' naked declarations that their income tax calculations concerning their farm income during the taxable years in issue are correct, particularly in light of their utter contempt for our system of raising the necessary revenues to provide for this country's inhabitants. Further, we have already decided that the Commissioner properly recomputed petitioners' net farm income for the taxable years 1967 through 1970 using the cash method of accounting because of petitioners' total failure to maintain adequate books and records supporting their use of the accrual method of accounting. Gajewski v. Commissioner,supra at 197. The contents of the immediate record do not vary significantly from that contained in our earlier decision involving the same farming operations. The only difference is that it has now been conclusively established that the inventory figures on the income tax returns concerning the taxable years in issue are highly suspect as the result of petitioners' *498 lack of knowledge concerning the holding capacity of their granaries. Petitioners have clearly failed to carry their burden of proof; accordingly, the Commissioner's determination that they must use the cash method of accounting in computing their farm income for the taxable years in issue is sustained. Gajewski v. Commissioner,supra; Rule 142(a). A related issue to our holding that petitioners must use the cash method of accounting in computing their farm income for the taxable years in issue is whether any additional adjustments are necessary for the taxable year 1971 to prevent double taxation of certain items. Petitioners contend that if they are required to use the cash method of accounting for the taxable year in issue, then an additional adjustment is necessary concerning the opening inventory listed on the amended Form 1040 submitted for the taxable years 1971. Petitioners, of course, bear the burden of proof with respect to this matter. Rule 142(a). After reviewing the record, it is quite apparent that the Commissioner made the necessary adjustments concerning the opening inventory in his recomputation of petitioners' taxable incomes in the *499 notice of deficiency mailed to petitioners for the taxable year 1971. Further, petitioners have failed to demonstrate that these adjustments were erroneous. Petitioners, therefore, have failed to carry their burden of proof; accordingly, no further inventory adjustments are warranted in computing petitioners' taxable incomes for the year 1971. Rule 142(a). The next issue for decision is whether any adjustments are necessary for the taxable years in issue as the result of petitioners' alleged net operating loss for the taxable year 1974. Petitioners assert that if the cash method of accounting is used to determine their income tax liability for the taxable years 1971, 1972, 1973 and 1975, then this same accounting method should be employed for the taxable year 1974. Petitioners then contend that such a recomputation of their income tax liability would generate a net operating loss which would affect the taxable years in issue. Petitioners bear the burden of proving that a net operating loss for the taxable year 1974 exists and that it would reduce their tax liability for the years in issue. Rule 142(a). The only evidence introduced by petitioners is a copy of the Form 1040 *500 and Schedule F submitted by them for the taxable year 1974. Income tax returns, however, are not proof of the matters contained therein. Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949). This is especially true concerning these ardent "tax protesters," particularly in light of their prior experience with the Federal criminal judicial system. Further, none of the items contained in petitioners' 1974 Federal income tax returns were confirmed with supporting records. Petitioners have, therefore, failed to carry their burden of proof; accordingly, no additional adjustments are necessary concerning the taxable years in issue as the result of petitioners' alleged net operating loss during the taxable year 1974. Rule 142(a). The next issue for decision is whether petitioners are liable for self-employment tax for the taxable years in issue. The Commissioner's determination that they are liable for such tax is presumptively correct and petitioners *501 bear the burden of proving it to be erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Although no partnership returns were filed by petitioners for the taxable years in issue, petitioners occasionally claimed deductions for "guaranteed payments" on Schedule F to the Forms 1040 submitted for the years in issue. Further, for each of these taxable years, a portion of the deduced amount of "guaranteed payments" was included as "other income" elsewhere on the Forms 1040. [4] Petitioners contend, however, that they are not liable for the self-employment tax because, as Loren Gajewski claimed at trial: As to this guaranteed payments, and whether or not there is a self-employment tax liability, this is strictly a payment to each one of the partners for the use of operating -- for the use of capital -- strike that word "operating" -- for the use of capital used in business, and without which the business would not operate. As respondent correctly observes, the tax imposed by section 1401 generally applies to all self-employed individuals.Net *502 earnings from self-employment includes an individual's distributive share of income from any trade or business carried on by a partnership. Sec. 1402(c); sec. 1.1402(a)-2(d), Income Tax Regs. Further, section 1.707-1(c), Income Tax Regs., provides [guaranteed payments] do not constitute an interest in partnership profits for purposes of sections 706(b)(3), 707(b), and 708(b). For purpose of other provisions of the Internal Revenue laws, guaranteed payments are regarded as a partner's distributive share of ordinary income. [Emphasis added.] Again, petitioners have clearly failed to carry their burden of proving the Commissioner's determination to be erroneous; accordingly, his determination that petitioners are liable for the self-employment tax is sustained. Rule 142(a). The next issue for decision is whether petitioners are liable for the late filing addition to tax under section 6651(a) for the taxable years 1971 and 1972. *503 The Commissioner's determination is presumptively correct and petitioners bear the burden of proving it to be erroneous. Welch v. Helvering,supra; Rule 142(a). For the taxable years 1971 and 1972, petitioners originally submitted Forms 1040 lacking sufficient financial information from which their Federal income tax liability could be ascertained. In June 1975, petitioners submitted completed amended Forms 1040 for the years in issue. Petitioner's position is best summarized by Loren Gajewski's testimony at trial: These returns that were filed were denoted "amended," and the reason that they were denoted "amended" was because at the time that they were filed -- at the time the originals were filed, they did, according to their procedure at that time, on the advice of one Tax Court Judge, one District Judge -- the Judge Irene Scott, the Judge George Bradisher, stated that, if the 1040 contains only a signature and the date, it did constitute a return with no other information. So, at that point in time, the documents that were filed for the previous years were returns, and that held for the years '71 and '73, so they were marked "amended." And even though *504 a Court later found that these earlier 1040 documents did not meet the requirements of the law, as of 1973, at the time that they had been filed, or 1974 -- at the time they had been filed in 1971, we believed in 1973, that they still did. Petitioners did not corroborate this claim with any evidence. This should come as no surprise because the Supreme Court held that Internal Revenue Service forms lacking adequate financial information from which a taxpayer's Federal income tax liability can be computed do not constitute valid Federal income tax returns in Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957), approximately 15 years prior to the due date of the returns for the years in issue. Accordingly, petitioners' frivolous contention must fail and the Commissioner's determination that petitioners are liable for the additions to tax under section 6651(a) is sustained. The final issue for decision is whether the notices of deficiency concerning petitioners' 1973 taxable years were issued before the expiration of the applicable statute of limitations. Petitioners contend that the notices of deficiency dated March 9, 1977, were not issued within *505 the three-year period of limitations set forth in section 6501(a). In support thereof, petitioners observe that they filed their Federal income tax returns for the taxable year 1973 with the Internal Revenue service on February 26, 1974, and that the filing deadline for farmers for the year in issue was March 1 under section 6015(f). [5]
*506 While petitioners are partially correct in that section 6015(f) provides that a farmer's return filed on or before March 1 will be considered in lieu of the declaration of estimated taxes required in January, this provision does not affect the applicable period of limitations. Contentions similar to petitioners' arguments have been examined and rejected by this Court in Sidles v. Commissioner,19 T.C. 1114 (1953). In that case, we held that, regardless of a taxpayer's desire to avoid the necessity of filing a declaration of estimated tax, the statutory filing date remained March 15 (now April 15 pursuant to section 6072(a)). Under section 6501(b)(1), a return filed before the last day prescribed by law is deemed filed on the last day. Therefore, the notices of deficiency issued by the Commissioner were mailed prior to the expiration of the three-year periods of limitations. Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners were consolidated herewith for the purposes of trial, briefing and opinion: petitioners Loren R. Gajewski and Mervin A. Gajewski, docket No. 5129-77; petitioners L. R. Gajewski, N. R. Gajewski and Mervin A. Gajewski, docket No. 11479-77.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue and all rule references are to this Court's Rules of Practice and Procedure.↩
3. All of the issues involving petitioners' taxable years 1963 and 1964 have been settled by the parties and these taxable years need only be considered to the extent they affect subsequent taxable years in issue.↩
4. Petitioners included the amounts of "other income" in proportion to their partnership interest.↩
5. Sec. 6015(f) (f) RETURN AS DECLARATION OR AMENDMENT.--If on or before January 31 (or March 1, in the case of an individual referred to in section 6073(b), relating to income from farming or fishing) of the succeeding taxable year the taxpayer files a return, for the taxable year for which the declaration is required, and pays in full the amount computed on the return as payable, then, under regulations prescribed by the Secretary or his delegate--
(1) if the declaration is not required to be filed during the taxable year, but is required to be filed on or before January 15, such return shall be considered as such delcaration; and (2) if the tax shown on the return (reduced by the sum of the credits against tax provided by part IV of subchapter A oof chapter 1) is greater than the estimated tax shown in a declaration previously made, or in the last amendment thereof, such return shall be considered as the amendment of the declaration permitted by subsection (e) to be filed on or before January 15. In the application of this subsection in the case of a taxable year beginning on any date other than January 1, there shall be substituted, for the 15th or last day of the months specified in this subsection, the 15th or last day of the months which correspond thereto.↩