UNITED STATES of America,
Petitioner

v.

Jeffrey HEUBUSCH, Respondent.

No. 03–MISCCV–013A.

United States District Court,
W.D. New York.

Sept. 30, 2003.

Glenn J. Melcher, U.S. Department of Justice, Washington, DC, Monica J. Richards, United States Attorney's Office, Buffalo, NY, for Petitioner.

Jeffrey G. Heubusch, pro se, Batavia, NY, Gary D. Borek, Borke & Muhlbauer, Buffalo, NY, for Defendant.

## DECISION AND ORDER

ARCARA, District Judge.

### INTRODUCTION

On May 20, 2003, petitioner filed the instant motion to enforce an Internal Revenue Service administrative summons seeking documents relative to Respondent's 1993, 1994, 1995 and 1996 individual and business tax returns. Respondent opposes the motion. Oral argument was heard on July 11, and August 29, 2003.

### BACKGROUND [1]

In April, 1997, Clotilda DiPiazza, the respondent's former girlfriend, together with another woman, went to the Internal Revenue Service and told an agent that the respondent was not reporting on his

---

1. The factual background is taken from the pleadings in this case as well as the pleadings and decisions provided from the criminal case.

tax returns all of the income from his business, South Side Deli. Ms. DiPiazza told the agent that the respondent kept a second set of books where he recorded all of the income. Ms. DiPiazza described the layout of the deli and described the location in which the second set of books could be found. Ms. DiPiazza also provided to the agent copies of some pages from the second set of books. The agent later used this information, among other things, in support of an application for a search warrant for respondent's premises.

The warrant was executed on September 9, 1997, and several boxes of documents were seized. The respondent was subsequently indicted on several counts of income tax fraud. Respondent made a motion to suppress the documents seized pursuant to the search warrant. The motion was granted because the information in the warrant application was misleading, in that the information provided by Ms. DiPiazza and the other informant had not been verified, no inquiry had been made into the motives of the two women in speaking to the IRS, and the analysis provided by the IRS agent was flawed.[2] The documents were suppressed, and the indictment against respondent was dismissed on March 21, 2002. The documents seized were returned to the respondent on August 13, 2002, at which time he was served with the administrative summons at issue here.

## DISCUSSION

■ To obtain summons enforcement, the government must show that (1) the investigation is for a legitimate purpose; (2) that the information sought may be relevant to that investigation; (3) that the information is not currently in the possession of the IRS; and (4) that all administrative steps required by the Internal Revenue Code have been taken. *See United States v. White*, 853 F.2d 107, 111 (2d Cir.1988) (citing *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)). Once the government has established its case, the burden then shifts to the taxpayer to challenge the summons on "any appropriate ground", such as, that the government has not demonstrated one of the above factors, or that enforcement would abuse the court's process. *Id.* The burden on the taxpayer to disprove one of the elements is significantly greater than the burden on the government to make out the *prima facie* case. *Id.*

■ Respondent argues that the investigation at issue here is not for a proper purpose because the law does not permit a federal agency to obtain, for civil purposes, documents which were previously suppressed in a criminal case. The Court finds this argument without merit.

■ Documents previously suppressed in a criminal case because of an improper search and/or seizure may be obtained by administrative summons for use in a subsequent civil case if the government has a source of knowledge of the documents independent from the evidence wrongfully obtained. *See McGarry's Inc. v. Rose*, 344 F.2d 416, 418–19 (1st Cir.1965) (allowed use of an administrative summons to obtain documents previously seized in violation of the Fourth Amendment because

---

**2.** In recommending that the documents be suppressed, Magistrate Judge Schroeder noted that if the agent had verified the stories of Ms. DiPiazza and the second woman, he would have discovered that the second woman never worked in the respondent's deli. Moreover, Ms. DiPiazza was the manager of the deli and knew that the second woman had not worked there, yet allowed the second woman to make the false statement to the IRS agent without correcting it. Thus, Magistrate Judge Schroeder concluded, there was reason to suspect that both women had improper motives in speaking to the IRS.

agent had knowledge of the documents prior to the seizure); *see also Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920) (held that documents improperly seized do not become sacred and inaccessible for all time). Here, the uncontroverted facts are that Ms. DiPiazza went to the IRS and told an agent there that she had information concerning the respondent's tax returns. She told the agent that she knew that the respondent did not report all of the income from his business and that he kept a second set of books. Ms. DiPiazza also provided copies of some of the records. Thus, the government has established that it had a source of information, independent from the evidence procured by the search warrant, that the respondent has or may have documents which relate to whether his individual and business income tax returns for the years 1993, 1994, 1995 and 1996 are accurate.

■ The respondent also argues that the government is precluded by the doctrine of *res judicata* from asserting Ms. DiPiazza's statement as the independent source of information because the government failed to argue "independent source" at the suppression hearing in the criminal case. However, the government would only have argued "independent source" at the suppression hearing if the testimony of Ms. DiPiazza alone would have been sufficient to establish probable cause for the search warrant.

The government concedes that, despite the fact that her statement was used to support the search warrant which was later determined to be improvidently granted, Ms. DiPiazza's statement alone would not have established probable cause. However, probable cause is not required to enforce an administrative summons. *See United States v. Powell,* 379 U.S. 48, 52–57, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Rather, as stated above, the government

need only show that the investigation is for a proper purpose, that the information sought may be relevant to the investigation, that the government is not in possession of the information sought, and that all required administrative steps have been taken. Therefore, the fact that her statement does not establish probable cause does not prevent the government from asserting it as the "independent source" from which it learned of the documents.

## CONCLUSION

The Court concludes, therefore, that the administrative summons should be enforced and the respondent is directed to comply with the request for production of documents and other requirements contained in the summons no later than October 10, 2003.

IT IS SO ORDERED.