**UNITED STATES of America,
Petitioner–Appellee,**

v.

**Jeffrey G. HEUBUSCH, Defendant–
Appellant.**

**No. 04–0760–CV.**

United States Court of Appeals,
Second Circuit.

Feb. 16, 2005.

Gary D. Borek, Gary D. Borek, LLC, Amherst, NY, for Appellant.

Rod J. Rosenstein, Attorney, United States Department of Justice, Tax Division, Washington, D.C. (Eileen J. O'Connor, Assistant Attorney General, United States Department of Justice, Tax Division, Frank P. Cihlar, Attorney, United States Department of Justice, Tax Divi-

sion, on the brief; Michael A. Battle, United States Attorney for the Western District of New York), for Appellee, of counsel.

Present: HJACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and that the case be **REMANDED** for further proceedings.

Defendant-appellant Jeffrey G. Heubusch appeals from the decision and order of the United States District Court for the Western District of New York (Arcara, *J.*) ordering Heubusch to comply with an Internal Revenue Service ("IRS") summons. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Heubusch makes two primary arguments on appeal: (1) enforcement of the IRS summons would violate the Fourth Amendment because the summoned documents were suppressed in a prior criminal IRS action; and (2) compliance with the IRS summons would violate Heubusch's Fifth Amendment privilege against self-incrimination.

As to Heubusch's Fourth Amendment argument, documents suppressed in a criminal case because of an improper search or seizure may be obtained in an administrative summons so long as there is a source independent of the illegally seized evidence itself. *Murray v. United States,* 487 U.S. 533, 542, 108 S.Ct. 2529, 101

L.Ed.2d 472 (1988); *see also Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920) (noting that documents unlawfully seized by the government do not become "sacred and inaccessible" for all time); *McGarry's, Inc. v. Rose,* 344 F.2d 416, 418 (1st Cir. 1965) (permitting use of an administrative summons to obtain documents previously seized in violation of the Fourth Amendment because IRS agent had knowledge of the documents independent of the unlawful seizure). The district court concluded properly that the IRS established that it had a source of information independent from the evidence seized pursuant to the search warrant: DiPiazza went to the IRS prior to the execution of the search warrant and informed an agent of Heubusch's alleged tax fraud and provided copies of pages from a second set of books.

Heubusch's Fifth Amendment privilege claim was not addressed by the district court. We therefore vacate the district court's order enforcing the summons and remand for further proceedings as to Heubusch's Fifth Amendment argument.

For the reasons set forth above, the judgment of the district court is hereby **VACATED** and the case is **REMANDED** to the district court for further proceedings.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.