# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00099-CR

**Miles Wilson, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. FR53612, THE HONORABLE DEBBIE GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2003, appellant Miles Wilson, Jr., pleaded guilty to murder pursuant to a plea agreement and was convicted and sentenced to life in prison. In July 2025, Wilson filed in the convicting court a pro se Original Petition for Declaratory Judgment and Request for Disclosure. The trial court denied him leave to file a First Supplemental Petition and denied his original petition using Wilson's proposed order.

Although purportedly raising breach-of-contract and ultra vires claims against the State's attorney, Wilson's petition was substantively a collateral attack on his murder conviction. *See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000), *superseded by statute on other grounds as recognized by Druery v. State*, 412 S.W.3d 523, 535 (Tex. Crim. App. 2013) (observing that it is substance of filing, not its title, that governs its treatment by reviewing

court). Wilson contends that the State violated article 38.43[1] of the Texas Code of Criminal Procedure as well as the terms of his plea agreement by failing to preserve biological evidence for forensic DNA testing. *See* Tex. Code Crim. Proc. art. 38.43(c)(2)(B) (governing State's preservation of biological evidence). He asserts that, in consequence, the plea agreement is now void and that he should be "release[d]" from its "constraints" and returned to the status quo ante.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Const. art. V, § 6 (providing that courts of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Code Crim. Proc. art. 44.02 (addressing defendants' appeals in criminal cases); Tex. R. App. P. 25.2(a)(2) (authorizing appeals from "judgment of guilt or other appealable order"). In other words, the standard for determining jurisdiction is not whether the appeal is precluded by law but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

Article 38.43 "does not provide for any relief by the 'convicting court' or otherwise, nor authorize an appeal to a court of appeals." *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Waco 2002, pet. ref'd) (referring to article 38.43's statutory predecessor, article 38.39); *accord Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see Lewis v. State*, 191 S.W.3d 225, 229 (Tex. App.—San Antonio 2005, pet. ref'd) ("The Code of Criminal Procedure does not authorize an appeal to a court of appeals for allegations

---

[1] Article 38.39, to which Wilson cites, was renumbered article 38.43 without textual change in 2005. *See Quinn v. State*, No. 02-10-00454-CR, 2011 WL 3795233, at *2 (Tex. App.—Fort Worth Aug. 25, 2011, pet. ref'd) (per curiam) (mem. op., not designated for publication).

that the State improperly destroyed DNA evidence."); *Johnston v. State*, 99 S.W.3d 698, 702–03 (Tex. App.—Texarkana 2003, pet. ref'd) ("Article 38.39, itself, does not provide a remedy when the State destroys evidence without following the procedure outlined in the statute."). Rather, when an appellant collaterally attacks his conviction in a court of appeals on the basis that the State failed to preserve potential DNA evidence, the relief sought amounts to a request for original habeas relief, which this Court may not grant. *See Watson*, 96 S.W.3d at 500 (concluding, where appellant raised constitutional violations from "the failure of the State to preserve biological material," that "the relief he seeks amounts to a request for habeas relief" and noting that "the courts of appeals are not designated as having jurisdiction to entertain or issue writs of habeas corpus"); *Chavez*, 132 S.W.3d at 510 (same); *see also Lewis*, 191 S.W.3d at 229 (acknowledging that courts of appeals lack "original jurisdiction to grant a writ of habeas corpus in criminal law matters").

The legislature has prescribed the writ of habeas corpus as the remedy to be used when any person is restrained in his liberty. *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.) (citing Tex. Code Crim. Proc. art. 11.01). Because Wilson is confined as a result of a final felony conviction, article 11.07 of the Code of Criminal Procedure "provides the exclusive procedure by which he may seek post-conviction habeas corpus relief from his conviction." *Ex parte Williams*, 239 S.W.3d 859, 862 (Tex. App.—Austin 2007, no pet.); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction."); *Luttrell v. El Paso Cnty.*, 555 S.W.3d 812, 830–31 (Tex. App.—El Paso 2018, no pet.) (same and noting that defendant may not seek equitable or injunctive relief as post-conviction remedy); *cf. Gajewski v. United States*, 368 F.2d 533, 534

(8th Cir. 1966) (holding that there is no authority for allowing state or federal prisoner to use Declaratory Judgment Act as post-conviction remedy).

Under article 11.07, the writ must be made returnable to the Court of Criminal Appeals of Texas, Tex. Code Crim. Proc. art. 11.07, § 3(a), which has exclusive jurisdiction to grant post-conviction habeas relief on a final felony conviction, *Keene*, 910 S.W.2d at 483; *see McBride*, 114 S.W.3d at 557 ("Under article 11.07, the court of criminal appeals alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of noncapital felonies.").

Accordingly, we have no jurisdiction to address the order from which Wilson appeals or to provide the relief he seeks. *See Lewis*, 191 S.W.3d at 229, *Johnston*, 99 S.W.3d at 703. We therefore dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Watson*, 96 S.W.3d at 500.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed: February 20, 2026

Do Not Publish